LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-cv-00137 GEB-JFM |
| Plaintiff, | ) | STIPULATION FOR STAY OF |
| v. | ) | FURTHER PROCEEDINGS AND ORDER [PROPOSED] |
| REAL PROPERTY LOCATED AT 5322 SILOUETTE COURT, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1650-051, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) | DATE:     N/A TIME:     N/A COURTROOM: NA/ |
| Defendant. | ) | |

Plaintiff United States of America and claimant Maggie Loung (hereafter "claimant") stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings pending the outcome of a related criminal case now pending in this Court (United States v. Maggie Luong, et al., 2:08-cr-00543 GEB). This stipulation is based on the following:

1.    Pursuant to 18 U.S.C. §§ 981(g)(1), (g)(2) and 21 U.S.C. § 881(i) the parties suggest that a stay of further

1

proceedings in this case is necessary.  The United States
contends that the defendant real property was used to facilitate
violations of federal drug laws (conspiracy to manufacture at
least 1000 marijuana plants and manufacture of at least 1000
marijuana plants) and is therefore forfeitable to the United
States.  The United States intends to depose the claimant about
the claims she filed in this case and the facts surrounding the
modification of the defendant property for use as an indoor
marijuana cultivation operation.  The United States will also
question claimant about the 591 marijuana plants, 40 grow lights,
and fertilizing scheduled found during the search of the
defendant property on September 17, 2008.  If discovery proceeds,
claimant would be placed in the difficult position of either
invoking her Fifth Amendment right against self-incrimination and
losing the ability to protect her interest in the defendant
property, or waiving her Fifth Amendment rights and submitting to
a deposition and potentially incriminating herself in the pending
criminal matter.  If claimant invokes their Fifth Amendment
rights, the United States will be deprived of the ability to
explore the factual basis for the claim she filed in this action
and the defenses raised in her Answer.

2.    In addition, if this case is not stayed claimant will
attempt to depose law enforcement officers who were involved in
the execution of the search warrant at the defendant property.
Allowing depositions of these officers would adversely affect the
ability of the federal authorities to conduct its related
criminal prosecution.

3.  Accordingly, the parties contend that proceeding with

2

this action at this time has potential adverse affects on the
prosecution of the related criminal case and/or upon claimant's
ability to prove her claim to the property and to contest the
government's allegations that the property is forfeitable.  For
these reasons, the parties request that this matter be stayed for
a period of six months.  At that time the parties will advise the
Court whether a further stay is necessary.

4. The defendant property is encumbered by a deed of trust,
and the United States has served the lienholder with the
Complaint for Forfeiture In Rem and related documents, but to
date no claim has been filed.  Nevertheless, claimant agrees to
keep current all payments due to CTX Mortgage Company LLC under
the promissory note dated August 1, 2005, in the original
principal amount of $130,000, and secured by the deed of trust
recorded in Sacramento County on August 9, 2005, encumbering the
defendant property.  If claimant defaults on the promissory note
(as "default" is defined in the promissory note), claimant will
not object to a request by plaintiff or the lienholder for an
order permitting an interlocutory sale of the defendant property
in accordance with Rule G(7)(b) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions.

DATED: April 13, 2009              LAWRENCE G. BROWN
                                   Acting United States Attorney


                              By:  /s/ Kristin S. Door
                                   KRISTIN S. DOOR
                                   Assistant U.S. Attorney
                                   Attorneys for plaintiff

3

DATED: April 13, 2009                    /s/ John Balazs
                                         JOHN BALAZS
                                         Attorney for claimant
                                         Maggie Luong

                                         (Original signatures retained
                                         by AUSA Door)

                                    **ORDER**

     Good cause having been shown, the Status (Pretrial
Scheduling) Conference now scheduled for July 13, 2009, is
continued to January 19, 2010 at 9:00 a.m.  The parties shall
submit a joint scheduling report fourteen days prior to the
hearing advising the court if a further stay is necessary.


IT IS SO ORDERED.

Dated:  April 15, 2009


                         _____
                         GARLAND E. BURRELL, JR.
                         United States District Judge